REBECCA WHALEY, Appellant, *v.* FRANKLIN WHALEY *et al.*, Respondents.

1. *Dower — Widow, title of to growing crop.* — Under the statute law of Missouri, where the widow has no dower assigned to her, the growing crop on the land of her deceased husband goes to his executor or administrator and not to the widow.

*Appeal from Marion Circuit Court.*

*E. G. Pratt, R. E. Anderson,* and *Benj. Davies,* for appellant.

*H. S. Lipscomb,* with *Dryden & Dryden,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

The only question presented for our determination in this case is whether the growing crop of a deceased person goes to the widow or to the executor or administrator. The record shows that William Whaley owned a piece of land, and that in the fall he plowed the same and sowed it in wheat; that in February thereafter he died, and that his executor harvested the wheat and sold the same as assets belonging to the estate. No dower having been assigned, the widow claims all the wheat as her absolute property, and brought her action of trespass against the executor for taking and carrying the same away. The court gave judgment for the defendant.

It is claimed that because the statute says that, until dower be assigned, the widow may remain in and enjoy the mansion-house of her husband, and the messuage or plantation thereto belonging, without being liable to pay any rent for the same (Wagn. Stat. 522, § 21), therefore she is entitled to the crops on the place at the time of her husband's death. This construction has never been placed upon the statute before, and the practice from the earliest period of the State has been opposed to it.

That the statute intended that the crops or emblements should descend as assets, is clearly inferable from the language employed in the administration law, authorizing the administrator to take care of and bestow labor on the same. (Wagn. Stat. 90, § 52.) As a general rule, emblements or annual crops growing upon the land of one who dies before they are harvested, go to the personal representatives. (1 Washb. Real Prop., 3d ed., 119 ; 1 Williams' Ex. 594.)

By the common law the widow is entitled to the crops growing at the death of her husband, upon that part of the homestead farm

which is sssigned to her by the heir for her dower; but it does not thence follow that where dower is not assigned to the widow, and she continues in possession of the mansion-house and plantation of her husband, under the provisions of the statute, she is entitled to the growing crops upon the farm at the time of her husband's death. By the common-law rule she is entitled to the crop only when dower is assigned by the heir, and then only on the part assigned for dower. (Dyer, 316; 2 Inst. 81.) Besides, she does not take it under her quarantine, for which the provision in our statutes is a substitute, but she takes it as tenant in dower. There is nothing in the rule of the common law which can make it a guide for the construction of the statutes. On the other hand, the rule contended for, as applied to the crops of the whole plantation, would be partial in its operation and often productive of great injustice. It could apply only to those occupying plantations, and it would enable the heir, in many instances, by refusing to assign dower, to do great wrong to legatees and creditors. The growing crops not unfrequently constitute a large proportion of the assets of an estate, and our existing law, it seems to me, has made a substitute in this case by making a fixed provision for the widow out of the personal estate, against the claims of all creditors. (Wagn. Stat. 88, §§ 33–35.)

In other States, where similar statutes to ours exist, the point has been decided in accordance with these views. In the case of Budd v. Hiler, 3 Dutch. 43, it was held that crops growing on the homestead farm at the time of the testator's death, go to the devisee if the land is devised; and if there is no devise of the land, then to the executor of the testator, and not to the widow, who remains in possession until her dower is assigned. (See also Parker v. Parker, 2 Pick. 236; Kaim v. Fisher, 2 Seld. 597.)

I think the court below decided the case rightly, and I advise an affirmance.

Judgment affirmed. The other judges concur.